# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Martha A. Brown, | C/A No. 4:20-cv-01678-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 24, 25. Having considered the briefing, the administrative record, and all relevant law, the Court OVERRULES Plaintiff's Objections and ADOPTS the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Plaintiff applied for DIB and SSI on April 25, 2016, alleging disability beginning July 8, 2012, due to chronic depression, bipolar disorder, back surgery, metal rods and pins in her back, COPD, and asthma. (R. 188, 190). Plaintiff's applications were denied initially and on reconsideration. (R. 76, 88, 102, 115). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 24, 2018. (R. 32–63).

The ALJ denied Plaintiff's application in a decision dated January 22, 2019. (R. 15–26). The Appeals Council denied Plaintiff's request for review on March 2, 2020, making the ALJ's denial the final decision of the Commissioner. (R. 1–3).

Plaintiff filed suit in this Court on April 29, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On April 26, 2021, Magistrate Judge Thomas E. Rogers, III, issued his Report recommending that the decision of the Commissioner be affirmed. ECF No. 24. On May 6, 2021, Plaintiff filed Objections to the Report. ECF No. 25. The Commissioner filed a Reply on May 18, 2021. ECF No. 27. Plaintiff's Objections and the Magistrate Judge's Report are now before the Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review

of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **DISCUSSION**

Plaintiff's sole objection relates to an alleged error at Step Five of the ALJ's sequential analysis. *See* 20 C.F.R. § 404.1520. Earlier in his analysis, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with some additional limitations. (R. 22). At Step Five, however, the ALJ stated:

> The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations **that are light and unskilled with a SVP of 2** such as **addresser (DOT# 209.587-010) 125,000 such jobs nationally; inspector (DOT# 669.687-014) 150,000 jobs nationally; and order clerk (DOT# 209.567-014) 125,000 jobs nationally**.

(R. 26) (emphasis in original). In light of his Step Five finding that Plaintiff could perform work existing in significant numbers in the national economy, the ALJ ultimately determined that Plaintiff was not disabled. Plaintiff's sole objection to the Magistrate

3

Judge's Report is that the above inconsistency (between the RFC of "sedentary" work and the identification of positions requiring "light" work at Step Five) necessitates remand.

The undersigned agrees with the Magistrate Judge's conclusion that this error was harmless and therefore insufficient to warrant reversal. "Administrative adjudications are subject to the same harmless error rule that generally applies to civil cases." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 253 (4th Cir. 2016); *see also Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014). As such, reversal for error requires a showing of prejudice and the Court must abide by the general principle that "if the agency's mistake did not affect the outcome, it would be senseless to vacate and remand for reconsideration." *Sea "B" Mining*, 831 F.3d at 253. Although the ALJ's Step Five analysis erroneously characterized the three listed positions as "light," they are in fact sedentary positions as defined in the Dictionary of Occupational Titles ("DOT"). Their exertional requirements are therefore consistent with Plaintiff's RFC,[1] and there is no reasonable possibility that correcting the Step Five description of the positions as "light" would have affected the ultimate outcome.

Plaintiff nevertheless argues that remand is required because, in light of these "contradictory findings," the reviewing Court cannot fairly determine "what functional capacity . . . the ALJ intend[ed] to find that Ms. Brown could perform." ECF No. 25 at 1. In other words, Plaintiff's position is that the ALJ's decision is simply too unclear to allow for meaningful review. The undersigned disagrees. The ALJ's written decision unequivocally limits Plaintiff's RFC to "sedentary" work, and this determination is not

---

[1] Plaintiff has made no allegation of error in the ALJ's RFC determination at any stage of her appeal. *See generally* ECF No. 19.

altered or amended by the error at Step Five.  Moreover, earlier in the same paragraph as the Step Five error, the ALJ wrote:

> If the claimant had the residual capacity to perform the full range of **sedentary** work, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.28 and Rule 201.21.  However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations.  To determine the extent to which these limitations erode the unskilled **sedentary** occupational base, I asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.

(R. 26) (emphasis added).  The use of "sedentary" on two occasions in the same paragraph provides additional confirmation that the later use of "light" was in error.  Likewise, at the administrative hearing, the ALJ asked the vocational expert ("VE") to identify jobs with an exertional level of "sedentary" with additional limitations on climbing, balancing, stooping, kneeling, crouching, crawling, and exposure to irritants, hazards, and stress.  (R. 59–60).  In response, the VE named the three positions (addresser, inspector, and order clerk) that are listed in the ALJ's written decision.  (R. 60–61).  The undersigned therefore finds that the ALJ's decision was not so fatally unclear as to preclude meaningful review.

In light of the foregoing, the Court concludes that "it would be senseless to vacate and remand for reconsideration."  *Sea "B" Mining*, 831 F.3d at 253.  Because the ALJ identified three jobs existing in significant numbers in the national economy that are consistent with Plaintiff's RFC, his error in characterizing them as "light" work was harmless and Plaintiff's objection is overruled.[2]

---

[2] In addition to the single objection expressly raised, Plaintiff stated: "For this reason *and the reasons set forth in the Plaintiff's Briefs*, the Court should not adopt the

**CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 10, 2021
Spartanburg, South Carolina

---

Report and Recommendation of the Magistrate Judge." ECF No. 25 at 2 (emphasis added). To the extent that this statement could be construed as making an additional objection, it is likewise overruled. The only other argument in Plaintiff's Brief was that a finding that Plaintiff could perform light work was not supported by substantial evidence. As explained above, the ALJ made no such finding.

6